**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **WILLIAM RUSSELL,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action Number:** 1:14-CV-192-TCB |
| | : | |
| **vs.** | : | |
| | : | |
| **FREESE II, INC. and DAVID L.** | : | |
| **WHORTON,** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **Defendants.** | : | |

**COMPLAINT**

Plaintiff William Russell ("Plaintiff"), by and through undersigned counsel and

pursuant to Fed. R. Civ. P. 7, brings this Complaint against Defendants Freese II, Inc.

("Freese") and David L. Whorton and ("Whorton") and shows the Court as follows:

**INTRODUCTION**

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as

amended) (29 U.S.C. § 201 *et seq*.), (hereinafter "the FLSA") to (1) recover due but

unpaid overtime compensation and an additional like amount as liquidated damages; (2)

and to be reimbursed his costs of litigation, including his reasonable attorneys' fees.

## JURISDICTION AND VENUE

### 2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

### 3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Freese is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

### 4.

Plaintiff resides in Clayton County, Georgia.

### 5.

Freese employed Plaintiff as a Manager at its club located at 3438 Moreland Avenue, Conley, Georgia from 2005 until November 22, 2013.

### 6.

At all times material hereto, Plaintiff has been an "employee" of Freese as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

From his date of hire in 2005 until November 22, 2013, Plaintiff was "engaged in commerce" as an employee of Freese as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

8.

From his date of hire in 2005 until November 22, 2013, Plaintiff  was engaged in the "production of goods for commerce" as an employee of  Freese as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

9.

Freese is a corporation organized under the laws of the State of Georgia.

10.

At all times material hereto, Freese has been an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

11.

From his date of hire in 2005 until November 22, 2013, Freese was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

12.

During 2010, Freese had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13.

During 2011, Freese had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

During 2012, Freese had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

15.

During 2013, Freese had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

16.

During 2010, Freese had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

17.

During 2011, Freese had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

18.

During 2012, Freese had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

19.

During 2013, Freese had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

20.

During 2010, Freese had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

21.

During 2011, Freese had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

22.

During 2012, Freese had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

23.

During 2013, Freese had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

24.

During 2010, Freese had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

25.

During 2011, Freese had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

26.

During 2012, Freese had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

27.

During 2013, Freese had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

28.

At all times material hereto, Freese has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

29.

Freese is subject to the personal jurisdiction of this Court.

30.

Freese may be served with process through its registered agent Paul C. Brenner located at 2232 Major Loring Way, Marietta, Georgia 30064.

31.

Whorton resides within Clayton County, Georgia.

32.

At all times material hereto, Whorton exercised operational control over the work activities of Plaintiff.

- 7 -

33.

At all times material hereto, Whorton was involved in the day to day operation of the club in which Plaintiff worked.

34.

At all times material hereto, Freese vested Whorton with supervisory authority over Plaintiff.

35.

At all times material hereto, Whorton exercised supervisory authority over Plaintiff.

36.

At all times material hereto, Whorton scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

37.

At all times material hereto, Whorton exercised authority and supervision over Plaintiff's compensation.

38.

At all times material hereto, Whorton has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

39.

Whorton is subject to the personal jurisdiction of this Court.

40.

Whorton may be served with process at his residence located at 1216 Bethsaida Road, Riverdale, Georgia 30296.

41.

At all times material hereto, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

42.

At all times material hereto, Freese did not employ Plaintiff in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

43.

At all times material hereto, Freese did not employ Plaintiff in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

44.

At all times material hereto, Freese did not employ Plaintiff in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

45.

At all times material hereto, Freese did not employ Plaintiff in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

46.

From his date of hire in 2005 until on or about October 1, 2012, Defendants misclassified Plaintiff as an Independent Contractor.

47.

At all times material hereto, Defendants did not pay Plaintiff on a genuinely salaried basis.

48.

At all times material hereto, Defendants paid Plaintiff on an hourly basis or at a daily rate.

**FACTUAL ALLEGATIONS**

49.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

50.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

51.

During his employment with Defendants, Plaintiff regularly worked in excess of forty (40) hours each week.

52.

Defendants failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from January 22, 2010 through November 22, 2013 (hereinafter "the Relevant Time Period").

53.

Defendants willfully failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week during Relevant Time Period.

54.

Plaintiff is entitled to payment of overtime compensation in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

55.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

56.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1.      That Plaintiff's claims be tried before a jury;

2.      That Plaintiff be awarded an amount to be determined at trial against Defendants in due but unpaid overtime compensation, plus an additional like amount in liquidated damages;

3.      That Plaintiff be awarded his costs of litigation, including his reasonable attorneys' fees from Defendants; and

4.      For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC

3100 CENTENNIAL TOWER
101 MARIETTA STREET, N.W.
ATLANTA, GEORGIA 30303
(404) 979-3171
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

/s/CHARLES R. BRIDGERS
CHARLES R. BRIDGERS
GA. BAR NO. 080791

/s/ KEVIN D. FITZPATRICK, JR.
KEVIN D. FITZPATRICK, JR.
GA. BAR NO. 262375

COUNSEL FOR PLAINTIFF